**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBIN BETHEA,

Plaintiff,

vs. Case No. 3:26-cv-295-MMH-PDB

UNITED STATES DEPARTMENT
OF DEFENSE, and
UNITED STATES
TRANSPORTATION COMMAND,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 21; Motion), filed on July 6, 2026. In the Motion, Defendants, the United States Department of Defense and the United States Transportation Command (collectively the United States), seek dismissal of Plaintiff Robin Bethea's First Amended Complaint for Declaratory and Injunctive Relief (Doc. 6; Amended Complaint), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Rule(s)). In support of the Motion, the United States presents the Declaration of Jacob A. Seley (Seley) (Doc. 21-1; First Declaration).[1] On July 15, 2026, Bethea, who is proceeding pro se, timely

[1] Attached to the declaration are documents relating to Bethea's Freedom of

responded to the Motion. See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 22; Response). With leave of the Court, see Order (Doc. 25), the United States filed its Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 26; Reply), attaching a second Declaration of Jacob A. Seley (Doc. 26-1; Second Declaration). Accordingly, this matter is ripe for review.

## I. Background

In her Amended Complaint, Bethea alleges that, pursuant to the Freedom of Information Act (FOIA), she requested documents from the United States "concerning subcontracting activities, small-business participation, and internal evaluations under the Defense Freight Transportation Services contract, including records directly referencing [Bethea] or [Bethea's] company." See Amended Complaint ¶ 2. According to Bethea, the United States did not produce any responsive records, did not identify any FOIA exemptions justifying the withholding of records, and did not provide a Vaughn Index[2] detailing what records it withheld. See id. ¶¶ 26–27. Bethea alleges that the

---

Information Act claim.

[2] See Sharkey v. Food & Drug Admin., 250 F. App'x 284, 286 n.2 (11th Cir. 2007) ("A Vaughn index, somewhat like a privilege log, allows courts to consider whether an exemption bars disclosure of withheld documents, without necessitating release of the documents." (citing Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973))).

The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

United States maintains possession and control over documents that would be responsive to her FOIA request. See id. ¶ 31.

After Bethea filed this action, the United States responded to her FOIA request, releasing one record, a Small Business Subcontracting Plan (SBS Plan) with redactions. See Motion at 2; First Declaration at 38–39. In the Reply, the United States identifies two exemptions authorizing the redactions. See Reply at 5. According to the United States, contract values and pricing information were redacted pursuant to Exemption 4 (5 U.S.C. § 552(b)(4)) as confidential commercial and financial information, and names and contact information were redacted under Exemption 6 (5 U.S.C. § 552(b)(6)) as information that, if released, "would constitute a clearly unwarranted invasion of personal privacy." See First Declaration at 4, 39–47. With the Motion, the United States provided a one page Vaughn Index asserting these exemptions. See id. at 51. Based on its disclosure of the SBS Plan, the United States asserts that it has produced all the information that Bethea requested, and thus Bethea's FOIA claim is moot and should be dismissed for lack of subject matter jurisdiction. See Motion at 1, 8. In her Response, Bethea argues there is still an active controversy concerning the adequacy of the United States' search and its Vaughn Index. See Response at 6, 10. In its Reply, the United States contends that the locations Bethea identifies as being inadequately searched either are not in the United States' control or have been searched for the items that Bethea requested. See

Reply at 3–4.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) is a motion challenging the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual attacks "challenge the 'existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id. (citation omitted). In considering a factual attack on subject matter jurisdiction, the Court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). However, the Eleventh Circuit has cautioned that if a jurisdictional challenge implicates the merits of the underlying claim, the district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Morrison, 323 F.3d at 925 (quoting Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997)). Here, the United States argues that it mounts both a facial and factual attack on subject matter jurisdiction. See Motion at 6.

## III. Discussion

Federal courts are courts of limited jurisdiction. See Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003) (citation omitted). "Among other limitations, the federal courts' jurisdiction is circumscribed by Article III [of the Constitution]'s case or controversy requirement." Id. (citations omitted). "Mootness is among the important limitations placed on the power of the federal judiciary and serves long-established notions about the role of unelected courts in our democratic system." Nat'l Advert. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005). As a result, the court lacks subject matter jurisdiction over moot claims, as any opinion rendered on such a claim would be an impermissible advisory opinion. See id. (citations omitted). The existence of developments in a case subsequent to the initiation of the lawsuit can render an action moot. See Graham v. Butterworth, 5 F.3d 496, 499 (11th Cir. 1993); see also Nat'l Advert. Co., 402 F.3d at 1332. Indeed, the Eleventh Circuit has recognized that a case becomes "'moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Graham, 5 F.3d at 499 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (citations omitted).

FOIA allows a person to request records from a government agency. 5 U.S.C. § 552(a)(3). That agency must make reasonable efforts to search for the requested records and produce them, unless the records fall within a valid exemption. Id.; 5 U.S.C. § 552(b). Under FOIA, a court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Notably, if an agency later releases records that are the subject of a FOIA request, "subject matter jurisdiction over a claim for injunctive relief under FOIA ceases to exist," Corbett v. Transp. Sec. Admin., 968 F. Supp. 2d 1171, 1188–89 (S.D. Fla. 2012) (citing Bonilla v. Dep't of Just., No. 11-20450, 2012 WL 204202, at *2 (S.D. Fla. Jan. 24, 2012)), and "'the litigation should be dismissed as the claim for relief under FOIA becomes moot,'" id. (quoting Sands v. United States, No. 94-0537, 1995 WL 552308, at *3 (S.D. Fla. June 19, 1995));[3] see also Lovell v. Alderete, 630 F.2d 428, 430–31 (5th Cir. 1980) (holding that the plaintiff's case was moot once he received the FOIA information he requested, "[e]ven though the information . . . was delivered late");[4] Brown v. U.S. Dep't of Just., 169 F. App'x 537, 540 (11th Cir. 2006) ("[A]s

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[the plaintiff] has received the documents, the issue has become moot and [he] is not entitled to injunctive relief under the FOIA.").

However, if "'an agency has released documents, but other related issue[s] remain unsolved, courts frequently will not dismiss the action' as moot." Corbett, 968 F. Supp. 2d at 1189 (quoting McKinley v. FDIC, 756 F. Supp. 2d 105, 110 (D.D.C. 2010)). For example, when an agency withholds some records and claims a FOIA exemption, the case will not be moot if "that withholding determination has not yet been adjudicated and is very much contested." Bayala v. U.S. Dep't of Homeland Sec., Off. of the Gen. Couns., 827 F.3d 31, 34 (D.C. Cir. 2016). Additionally, when an unresolved issue regarding the adequacy of an agency's search is present, "that challenge will, in most cases, be sufficient to warrant the court's rejection of a motion to dismiss on mootness grounds." Brustein & Manasevit, PLLC v. U.S. Dep't of Educ., 30 F. Supp. 3d 1, 6 (D.D.C. 2013) (citations omitted). But, if a plaintiff only speculates about the existence of improperly withheld records, the claim may well be moot. See Pavlenko v. Internal Revenue Serv., No. 08-61534-CIV, 2009 WL 1465463, at *2 (S.D. Fla. Apr. 1, 2009), aff'd, 356 F. App'x 293 (11th Cir. 2009). Importantly, if a court must reach the merits of a claim to determine whether that claim is moot, then the court should dismiss for failure to state a claim, not for a lack of subject matter jurisdiction. Sikes v. U.S. Dep't of the Navy, 896 F.3d 1227, 1232 n.2 (11th Cir. 2018) (finding that the district court's dismissal for lack of subject

matter jurisdiction based on mootness was improper because "the district court dismissed the suit only after determining [the plaintiff's] allegations [were] meritless.").

Here, Bethea, despite the belated release of the SBS Plan, continues to contest the adequacy of the United States' response to her FOIA request. She contends that the United States is still improperly withholding agency records because it has not adequately searched for the records and has not sufficiently explained the reason for the redactions of the SBS Plan. See Response at 6, 10. Bethea points to specific record-storage locations that the United States could search, including "eSRS, ISR/SSR repositories, SAM/source-list materials, Small Business Technical Advisor files, contracting-officer reporting files, compliance-review files, bidder list records, subcontract-award records, or databases containing small-business or vender-source information." See Response at 6–7. She also argues that the United States could use other search methods, specifically explaining that the United States' keyword search was too narrow. See id. at 9. Finally, she contests the validity of the FOIA exemptions asserted by the United States, arguing that the United States has not sufficiently described why the information is confidential. See Response at 11.

The United States, on the other hand, maintains that all records have been released, and the case is moot. But for the Court to make that finding, the Court would have to determine whether agency records were or were not

improperly withheld and the propriety of the redactions, question that go to the merits of Bethea's FOIA claim. See Kissinger v. Reps. Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980) (stating that a court can only enjoin an agency if the plaintiff has shown "(1) 'improperly'; (2) 'withheld'; (3) 'agency records'"). Under these circumstances, a dismissal for lack of subject matter after considering the merits of the claim, even on a factual challenge to subject matter jurisdiction, would be improper. See Morrison, 323 F.3d at 924–25 ("Jurisdictional challenges . . . can be decided without reference to the merits of the underlying claim" but a "court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" (quoting Garcia, 104 F.3d at 1261)).

Evaluating Bethea's specific allegations and determining whether the United States did or could search the locations she describes would require the Court to scrutinize the merits of Bethea's claim. The same is true of Bethea's challenge to the United States' asserted FOIA exemptions. To evaluate what an agency is required to show for each exemption and how detailed the Vaughn Index must be would require the Court to assess the merits of Bethea's claim. Therefore, there is an active controversy in this case. The United States may well establish that it conducted an adequate search and that its application of the exemptions is warranted, but that is best resolved on the merits of the claim rather than in a jurisdictional posture. See Corbett, 968 F. Supp. 2d. at 1189

(finding a FOIA claim was not moot when the plaintiff alleged that additional records should have been disclosed and that records were improperly redacted, despite the defendant maintaining that it had turned over all records (citing McKinley, 756 F. Supp. 2d at 111 ("FOIA requesters have a cognizable interest in having the Court determine (1) whether the search for records was adequate . . . and (2) whether the agency has released all nonexempt material."))).

Because Bethea has a cognizable interest in having a court determine the adequacy of the United States' search and the validity of the United States' claimed exemptions, there is an active controversy in this case and the Court has subject matter jurisdiction to resolve it. The United States' Motion is therefore due to be denied.

Accordingly, it is

**ORDERED:**

The United States' Motion to Dismiss for Lack of Jurisdiction (Doc. 21) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc37

Copies to:

Pro Se Party

Counsel of Record